14-258-cr
*United States v. Pichardo*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*,
ROBERT W. SWEET,
*District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                14-258-cr

ENRIQUILLO ELIUD PENA PICHARDO,
AKA ENRIQUILLO PENA, AKA DAVID
GASCOT,
*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                    NEGAR TEKEEI, Assistant United States
                                 Attorney (Anna M. Skotko, Assistant United
                                 States Attorney, *on the brief*), *for* Preet Bharara,
                                 United States Attorney for the Southern
                                 District of New York, New York,
                                 New York.

FOR DEFENDANT-APPELLANT:          SAM A. SCHMIDT, Law Office of
                                 Sam A. Schmidt, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Enriquillo Eliud Pena Pichardo ("Pichardo") appeals from a judgment of conviction, entered January 13, 2014, following a guilty plea to one count of passport fraud, in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). After pleading guilty but before sentencing, Pichardo moved to withdraw his plea to Count 2, aggravated identify theft. In an opinion and order filed November 13, 2013, the district court denied the request, and it subsequently sentenced Pichardo to a term of nine months' imprisonment on Count 1 and twenty-four months' imprisonment on Count 2, to run consecutively. On appeal, Pichardo challenges the district court's denial of his motion to withdraw his guilty plea. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

Under Rule 11(d)(2)(B), a defendant may withdraw his guilty plea before the district court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The decision to allow a guilty plea to be withdrawn is committed to the district court's discretion. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). Pichardo principally argues that his guilty plea was involuntary because he did not understand the charges against him and because he received ineffective assistance of counsel. We conclude that the district court did not abuse its discretion in denying the motion to withdraw.

1.    **Nature of the Charge**

When a motion to withdraw a plea is premised on involuntariness, the defendant must "raise a significant question about the voluntariness of the original plea." *Torres*, 129 F.3d at 715. A plea cannot be considered voluntary unless the defendant has "an awareness of the true nature of the charge against him." *Oyague v. Artuz*, 393 F.3d 99, 106 (2d Cir. 2004) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 (1976)).

Pichardo argues that his guilty plea was not voluntary because he did not know at the time of his offense that the identification documents he used to obtain a passport belonged to a real person. *See United States v. Tureseo*, 566 F.3d 77, 86 (2d Cir.

2009) (finding error in the district court's refusal to instruct the jury that "an aggravated identity theft conviction requires a finding that [the defendant] knew that the means of identity he used . . . belonged to another person, *i.e.*, an actual person" (citing *Flores-Figueroa v. United States*, 556 U.S. 646 (2009))). This assertion, however, contradicts the statements he made at the plea allocution and in his sworn affidavit admitting to the crime. Pichardo first admitted to purchasing a Puerto Rican birth certificate and social security card with the name of "David Gascot" for approximately $900-$1000. He later admitted to repeatedly using the personal identification information of "another person" during the plea colloquy. *App.* at 33-35. He also stated that he used that false identity to apply for a passport and also to successfully obtain Medicaid benefits, a New York identification card, and a New York driver's license. We agree with the district court that Pichardo's "repeated and successful use of Gascot's personal identification information . . . underscores his reliance on and confidence in the use of [that] identity as the identity of a real person." *App.* at 108; *see United States v. Doe*, 661 F.3d 550, 562-63 (11th Cir. 2011) (noting that "a defendant's repeated and successful testing of the authenticity of [the] victim's identifying information prior to the crime at issue is powerful circumstantial evidence that [he] knew the identifying information belonged to a real person as opposed to a fictitious one"). Ultimately, a "defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Torres*, 129 F.3d at 715.

**2.     Ineffective Assistance of Counsel**

"Ineffective assistance of counsel may render a guilty plea involuntary, and hence invalid." *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992). Under *Strickland v. Washington*, 466 U.S. 668 (1984), to establish ineffective assistance of counsel, Pichardo must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "A district court's determination of a claim of ineffective assistance is a mixed question of law and fact and is reviewed *de novo*." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). In assessing counsel's performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (internal quotation marks omitted).

Pichardo claims that his prior counsel failed to explain the mens rea requirement for aggravated identity theft to him, and that this failure constituted ineffective assistance because he would not have pleaded guilty if he had known this element of the offense. While it is unclear exactly what Pichardo's counsel told him, the district court was entitled to rely upon the defendant's sworn statements, made in open court with the assistance of an interpreter, that he understood the charges against him, had discussed the plea with his attorney, and understood the consequences of his plea.

The district court was further assured by counsel "that he believed there was a sufficient factual predicate for a guilty plea and that he knew of no reason why the [c]ourt should not accept the plea." *App*. at 114.

Pichardo's related contention that he was unaware of the mens rea requirement "through any other means" is belied by the record. In describing the elements of the offense at the plea hearing, the district judge explained that the government would need to prove that he "knowingly . . . used, without lawful authority, a means of identification of another person." *App.* at 28. Moreover, in light of Pichardo's admissions described above, there would have been no reason for counsel to explain that the information had to belong to a real person. Thus, there is no basis for Pichardo's claim that he would have pleaded differently if his counsel had informed him of the mens rea requirement. Because Pichardo did not demonstrate that counsel's representation fell below an objective standard of reasonableness, or that he suffered prejudice because of counsel's alleged error, his ineffective assistance claim was properly denied.

We have considered Pichardo's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk